UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON M.,

                Plaintiff,

v.                                                                                       1:19-CV-0091
                                                                                          (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | KENNETH HILLER, ESQ.<br>JUSTIN JONES, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | JASON PECK, ESQ.<br>PETER JEWETT, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

**I.  RELEVANT BACKGROUND**

### A. Factual Background

Plaintiff was born in 1979. (T. 132.) He completed high school. (T. 271.) Generally, Plaintiff's alleged disability consists of chronic pain disorder, degenerative disc disease, myositis, mild facial pain disorder, chronic migraines, high cholesterol, and acid reflux. (T. 270.) His alleged disability onset date is August 1, 2013. (T. 132.) His date last insured is December 31, 2018. (*Id*.) His past relevant work consists of nurse's aide and security guard. (T. 271.)

### B. Procedural History

On May 27, 2015, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act alleging an onset date of August 3, 2013. (T. 132.) Plaintiff's application was granted with an adverse onset date of January 22, 2015. (*Id*.) Plaintiff timely requested a hearing before an Administrative Law Judge ("the ALJ"), appealing the adverse onset date. On October 23, 2017 and again on December 20, 2017, Plaintiff appeared before the ALJ, Mary Mattimore. (T. 39-90, 91-125.) On February 13, 2018, ALJ Mattimore issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 10-38.) On November 19, 2018, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 16-33.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2018 and Plaintiff had not engaged in substantial

gainful activity since August 1, 2013.  (T. 16.)  Second, the ALJ found Plaintiff had the severe impairments of: chronic headaches, chronic pain disorder, degenerative disc disease, myalgia and myositis, cervicalgia, arthritis of the hands and feet, myofascial pain disorder, a depressive disorder, and an anxiety disorder.  (*Id*.)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 16.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c), and further Plaintiff:

> is able to lift and/or carry no more than fifty pounds. [Plaintiff] is able to sit four hours in an eight-hour workday, but only two hours at one time. [Plaintiff] is able to stand four hours in an eight-hour workday but only two hours at one time. [Plaintiff] is able to walk five hours in an eight-hour workday but only three hours at one time. [Plaintiff] is able to frequently push/pull with either hand, but he is unable to climb ladders, scaffolds, or ropes. [Plaintiff] is unable to work at unprotected heights or operate heavy machinery, but he is able to frequently climb stairs and ramps as well as frequently balance, stoop, kneel, crouch, and crawl. [Plaintiff] is occasionally able to operate a motor vehicle. [Plaintiff] is able to tolerate moderate noise levels (as defined in the Selected Characteristics of Occupations, Appendix D) and he is able to tolerate occasional exposure to temperature extremes as well as bright, flashing, and flickering lights. The claimant is able to perform a low-stress job, defined as able to perform simple, routine work and make simple workplace decisions. In addition, due to headaches, [Plaintiff] will be off-task for less than 10% of an eight-hour workday.

(T. 19.)[1]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 31-32.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

---

[1]   Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.  20 C.F.R. § 404.1567(c).

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the ALJ did not consider the effect of Plaintiff's mental limitations in a closed period of disability and the ALJ should have evaluated Plaintiff's functional abilities during the period before Plaintiff began to improve with medication changes. (Dkt. No. 7 at 16-22.) Plaintiff also filed a reply in which he reiterated his original arguments. (Dkt. No. 12.)

**B.     Defendant's Arguments**

In response, Defendant makes one argument. Defendant argues Plaintiff was not entitled to a closed period of disability. (Dkt. No. 11 at 5-9.)

**III.    RELEVANT LEGAL STANDARD**

**A.     Standard of Review**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation

process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

Plaintiff argues the ALJ should have considered a closed period of disability because prior to October 2016 Plaintiff's mental health caused "far more restrictive" functional limitations.  (Dkt. No. 7 at 16-22.)  Plaintiff also argues the ALJ erred in relying on consultative examiner's opinion because it was provided "outside a potential closed period."  (*Id*. at 16.)[2]  For the reasons outlined below, Plaintiff's arguments fail.

Under the regulations, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1509.  "A closed period of disability is applicable to instances where a claimant is found disabled for a finite period of time, albeit a

---

[2]    Plaintiff does not argue the ALJ erred in her physical RFC determination, nor does Plaintiff argue the ALJ's mental RFC determination fails to reflect his functional abilities after October 2016.  Therefore, for ease of analysis, only the relevant portions of the record will be addressed herein.

continuous period of not less than 12 months, following the date of the claim." *Keller v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 345, 352 (W.D.N.Y. 2019) (citing *Rosado v. Berryhill*, No. 15-CV-00717, 2018 WL 618103, at *5 (W.D.N.Y. Jan. 30, 2018).

As an initial matter, Plaintiff alleges a closed period of disability for the first time before the District Court. In *Colling v. Barnhart*, 254 F. App'x 87, 89 (2d Cir. 2007), plaintiff argued for the first time before the Circuit she was entitled to benefits for a closed period of time. The Second Circuit was "reluctant to consider" a new issue where plaintiff had "ample opportunity to raise the issue below, and deciding the issue would require making new factual determinations." *Colling,* 254 F. App'x at 89. The Court concluded plaintiff's argument waived, "[b]ecause the claim for a closed period of disability would require a new factual inquiry into whether [plaintiff's] condition worsened in 2000 and then improved in 2003." *Id*.

Here, Plaintiff was represented by counsel at all stages of the application process. (T. 126.) At no time during his application process did Plaintiff request a closed period of disability. Indeed, Plaintiff was awarded benefits on application with an adverse onset date of January 22, 2015. (T. 132, 151.) Plaintiff, through counsel, requested a hearing before an ALJ. (T. 157-158.) Plaintiff, and counsel, appeared at two hearings before the ALJ and at neither hearing did Plaintiff request a closed period of disability. (T. 39-90, 91-125.) In her February 26, 2018 letter to the AC, Plaintiff's counsel did not assert a closed period of disability. (T. 246-247.) Therefore, at no point during the administrative process did Plaintiff request the period under review be amended to a closed period, "[b]ecause the claim for a closed period of disability would require a new factual inquiry" the argument is waived. *Colling,* 254 F. App'x at 89.

7

In reviewing the Commissioner's denial of benefits, the reviewing court must uphold the decision unless it is not supported by substantial evidence or is based on an error of law. *See Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998). The reviewing court is not charged with deciding *de novo* whether the plaintiff was disabled, rather, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "Even where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010).

Simply put, the ALJ "cannot be faulted for failing to consider something that plaintiff did not ask [him] to consider." *Czerwiec v. Comm'r of Soc. Sec.*, No. 18-CV-849 HBS, 2019 WL 5387453, at *5 (W.D.N.Y. Oct. 22, 2019); *see Suttles v. Berryhill*, No. 8:17-CV-0476, 2018 WL 2926273, at *10 (N.D.N.Y. June 11, 2018), *aff'd*, 756 F. App'x 77 (2d Cir. 2019) ("Plaintiff bears the ultimate burden to prove disability and her failure to raise intellectual disability as a basis for her alleged disability until this appeal is questionable.").

Of note, Defendant does not assert Plaintiff waived his argument regarding a closed period and addressed his argument on the merits. (Dkt. No. 11.) In arguing the ALJ committed legal error in failing to consider a closed period based on the evidence in the record, Plaintiff is actually arguing substantial evidence in the record supported a finding of disability. *Pellam v. Astrue*, 508 F. App'x 87, 91 (2d Cir. 2013) ("We think that Pellam is, in reality, attempting to characterize her claim that the ALJ's determination was not supported by substantial evidence as a legal argument in order to garner a

more favorable standard of review."). For the reasons outlined below, the ALJ properly assessed Plaintiff's mental RFC during the entire period in question and substantial evidence supported her determination.

In so far as Plaintiff argues the ALJ's mental RFC determination was not supported by substantial evidence, Plaintiff's argument fails. In support of his argument, Plaintiff cites evidence which he suggests supports greater limitations. (Dkt. No. 7 at 16-22.) However, under the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Substantial evidence "means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in record. *See Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F.Supp.2d 602, 605 (N.D.N.Y. 2013) (Commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position); *see also Jones v. Sullivan,* 949 F.2d 57, 59 (2d Cir. 1991) (reviewing courts must afford the Commissioner's determination considerable deference and cannot substitute own judgment even if it might justifiably have reached a different result upon a *de novo* review). Although Plaintiff provides evidence in the record, he asserts supports greater limitations, he fails to show that no reasonable factfinder could have reached the ALJ's conclusion.

Here, the ALJ properly assessed Plaintiff's mental impairments and substantial evidence supported the ALJ's mental RFC for the entire period in question.  In assessing Plaintiff mental impairments, the ALJ properly and thoroughly outlined the medical evidence in the record.  The ALJ considered treatment received from Alfred Belen, III, M.D.  (T. 26, 28-29.)  The ALJ also considered treatment received from various providers with DENT, Lake Shore Health Care Center, and Hamburg Counseling.  (T. 27-30.)  Lastly, the ALJ considered the medical examination and opinion of consultative examiner, Susan Santarpia, Psy.D.  (T. 29.)  The ALJ concluded the RFC was supported by Dr. Santarpia's opinion, her mental status examination results, and the consistency of her opinion with the "longitudinal medical evidence" including treatment observations and GAF scores.  (T. 30.)

The ALJ properly afforded "very significant" weight to Dr. Santarpia's opinion.  (T. 30.)  Dr. Santarpia opined Plaintiff was capable of understanding, remembering, and applying simple and complex directions and instructions.  (T. 930.)  She opined Plaintiff was about to use judgment to make work-related decisions; interact adequately with supervisors, coworkers, and the public; sustain concentration and perform tasks at a consistent pace; sustain an ordinary routine and regular attendance; regulate emotions; control behavior; and maintain well-being and personal hygiene.  (*Id.*)

It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability.  *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e).  Second Circuit case law states a consultative examiner's opinion may provide substantial evidence supporting the ALJ's

determination.  *See Lamond v. Astrue*, 440 F. App'x 17, 21-22 (2d Cir. 2011); *Netter v. Astrue*, 272 F. App'x 54, 55-56 (2d Cir. 2008) (report of a consultative physician may override opinion of a treating physician, provided it is supported by substantial evidence in the record); *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983) (report of a consultative physician may constitute substantial evidence to contradict the opinion of a treating physician).

Overall, the ALJ has the duty to evaluate conflicts in the evidence.  *See* 20 C.F.R. § 404.1567(c)(i); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 7 (2d Cir. 2017) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.") (quoting *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise." *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is **<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's unfavorable determination is **<u>AFFIRMED</u>**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     March 17, 2021

_____
William B. Mitchell Carter
U.S. Magistrate Judge